### S. SCHATTMAN, Inc., v. POLLAK et al.

(Supreme Court, Appellate Term.  November 12, 1909.)

BAILMENT (§ 31*)—BREACH OF CONTRACT—SUFFICIENCY OF EVIDENCE.

In an action for breach of contract by which defendant received furs from plaintiff to be made into scarfs and muffs and redelivered to plaintiff, evidence *held* not to show by a fair preponderance that defendants had possession of the furs or breached any contract made with plaintiff.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. § 131; Dec. Dig. § 31.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by S. Schattman, Incorporated, against Arnold Pollak and another.  From a judgment for plaintiff, defendants appeal.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Edward Fillmore, for appellants.
Bogart & Bogart, for respondent.

PER CURIAM.  The plaintiff is a corporation.  Defendants are copartners.  The pleadings are oral.  The complaint is: "Breach of Contract."  The answer is: "General Denial.  Demand Bill of Particulars."  The said bill sets forth a claim for $120, as the value of certain 36 raccoon skins and 24 muskrat skins, belonging to plaintiff and now in the possession of defendants, which plaintiff has demanded, but which defendants refuse to return.  The bill also stated that plaintiff "waives its action on tort against defendants and brings this action for breach of contract."

The plaintiff's manager testified that he delivered said skins or furs to a firm called Sager & Oaklander, to make the said furs into scarfs and muffs for plaintiff, which furs were to be returned to plaintiff in a week or ten days; but said furs were never returned to plaintiff. The latter's manager claims that Sager told him that he had taken the furs and placed them in defendants' cellar.  Sager denies that he ever told him so, or that he ever did give the furs to defendants.  The said manager says that he demanded over the telephone the return of the furs of one of the defendants, who refused to give them up, but who admitted that defendants had them.  This is denied by defendants. The latter deny that they ever received the said furs.  It cannot be said, from a perusal of the evidence, that plaintiff has shown by a fair preponderance of proof either that defendants have possession of the furs or have broken any contract with plaintiff, and it will be remembered that the bill of particulars states that the cause of action is for

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

breach of contract, and that the tort has been waived. The evidence on both sides is unsatisfactory, and justice will be best served by ordering a new trial.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.